## FRED MAGINNIS ET AL., APPELLANTS, v. CITY OF WILDWOOD, RESPONDENT.

Argued March 4, 1920—Decided June 14, 1920.

Where the governing body of a municipality has resolved to let a contract to the lowest bidder the terms thereof, as determined upon, must be advertised; and when the terms appearing in the advertisement vary materially from those contained in the resolution, a valid contract cannot be entered into between the municipality and a bidder.

On appeal from the Supreme Court, whose opinion is reported in 94 *N. J. L.* 90.

For the appellant, *Clarence L. Cole.*

For the respondent, *Harris & Harris.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The board of commissioners of the city of Wildwood, by a resolution adopted October

16th, 1919, awarded a contract for the removal of garbage to one Koeneke for a period of three years. The question presented for determination is the validity of this award.

The material factors are as follows: On the 11th of September, 1919, the board of commissioners at a regular meeting adopted a motion "that the clerk be instructed to advertise for bids for the collection and removal of garbage in this city for a term of five years, beginning January 1st, 1920." The city clerk, instead of following this instruction, caused to be published an advertisement calling for bids for the removal of such garbage "for a term of years not to exceed five years." Pursuant to this advertisement bids were received from a number of competitors submitting proposals for one, two, three, four and five years. Koeneke's bid for the three years was the lowest of those received. The bid of Maginnis, one of the prosecutors in the cause, for the five-year period, was lower than any of the others. The Supreme Court held that, as the proposals received were made in strict compliance with the terms of the advertisement, the award of the contract should follow the advertisement, and that, as Koeneke was the lowest bidder for the term of three years, the commissioners had power to make the award for that period, if it was for the best interest of the city; and, concluding that the action of the commissioners was in good faith, and taken in the belief that it was for the "advantage of Wildwood," the award was affirmed.

We cannot concur in this view. When the commissioners had before them the question of entering into a contract for the removal of the city garbage for a term of years, and reached the conclusion that bids should be invited for a five-year term, they determined, by necessary implication, that a contract for that period would be for the best interests of the city. The instruction to the clerk to advertise for bids was specific in its declaration that the proposed contract was to cover a five-year period, and that instruction was in exact compliance with the statutory mandate that the very contract the municipality contemplated entering into should not be made until bids therefor should have been advertised for in

the manner provided by the act. *Pamph. L.* 1902, *p.* 201. The clerk, in absolute disregard of the instructions of the board, published the advertisement above recited. Not only was the advertisement unauthorized by the board, but it failed altogether·to comply with the statutory requirement, for the request for bids was not limited to "such a contract" as the board had resolved to make. While it is true that a contract which does not comply with the terms of the advertisement for bids will be held to be invalid, it is equally true that the advertisement itself must comply with the terms of the contract which the municipality has resolved to enter into. The action of the city clerk in formulating and publishing an advertisement which is in direct violation of the instructions received by him from the governing body cannot be accepted by that body as a substitute for its own act, or form a legal basis for the award of a contract by the board.

·We conclude, therefore, that the judgment under review must be reversed and the award of the contract set aside.

*For affirmançe*—None.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 13.